IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARCUS EUGENE SUTTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:22-cv-440-TES-CHW |
| VS. | : | |
| | : | |
| Warden JOSEPH POLITE, *et al.*, | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | <u>BEFORE THE U.S. MAGISTRATE JUDGE</u> |
| Defendants. | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

Plaintiff Marcus Eugene Sutton, an inmate in the Special Management Unit of the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and an amended complaint.[1]  ECF Nos. 1; 5  He also filed a motion for leave to proceed *in forma pauperis*, ECF No. 2, and a motion for appointment of counsel, ECF No. 3.  It is **ORDERED** that Plaintiff's motion for leave to

---

[1] "[A]n amended complaint supersedes the initial complaint unless the amended complaint 'specifically refers to or adopts'" or "incorporate[s]" the initial complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 848 (11th Cir. 2103) (quoting *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982)); *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006). ("[T]he original pleading is abandoned by the amendment[,] and it is no longer a part of the pleader's averments against his adversary."). This is true for *pro se* plaintiffs as well as those represented by counsel. *Schreane*, 522 F. App'x at 847; *Hoever v. Andrews*, 622 F. App'x 888, 889 (11th Cir. 2015); *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009). In this case, Plaintiff's amended complaint specifically refers to his original complaint. ECF No. 5 at 1. Plaintiff seeks only to clarify that his original complaint raises claims arising under the Eighth Amendment. *Id*. The amended complaint is, therefore, treated as a supplement to the original complaint.

proceed *in forma pauperis* is **GRANTED**. ECF No. 2. It is also **ORDERED** that his motion for appointment of counsel is **DENIED**. ECF No. 3. On preliminary review of Plaintiff's complaint, it is **ORDERED** that Plaintiff be allowed to proceed with his Eighth Amendment excessive force claims against Deputy Warden of Security George Ball, Unit Manager Dennis Turner, Sergeant Quintarrius Pollard, Officer Johns, and Officer Robinson and his Eighth Amendment conditions of confinement claim against Deputy Warden Joe Williams. It is **RECOMMENDED** that any claim against Warden Joseph Polite be **DISMISSED** without prejudice.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I. <u>Directions to Plaintiff's Custodian</u>

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Georgia Diagnostic and Classification Prison. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II. <u>Plaintiff's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the

custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff moves of appointment of counsel. ECF No. 3. As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[2]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent. As such, it is **ORDERED** that

---

[2] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

Plaintiff's Motion for Appointment of Counsel is **DENIED**. ECF No. 3. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.      Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss

claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Factual Allegations

Plaintiff states that on September 1, 2022, he was involved in an argument with Officer Marvin Hendricks, during which he threw feces on Officer Hendricks. ECF No. 1

at 6. Other officers/staff arrived, and while Plaintiff was "standing at his cell door," Unit Manager Dennis Turner shot Plaintiff in his right eye with a "pepper ball projector." *Id*.

Plaintiff states that he used a "mattress to block being shot by covering the window." *Id*. Deputy Warden of Security George Ball arrived and ordered Plaintiff to "unblock the window and cuff up." *Id*. Plaintiff states that he complied. *Id*. Plaintiff was ordered to face the wall, and he complied. *Id*. Sergeant Quintarrius Pollard and Officers Jones and Robinson rushed into the cell and, while Plaintiff was handcuffed and facing the wall, started punching, kicking, and stomping Plaintiff. *Id*. Plaintiff lost consciousness and, while he was unconscious, someone placed feces in Plaintiff's mouth. *Id*. Plaintiff apparently regained consciousness and heard Deputy Warden of Security Ball tell the officers, "[T]hat's enough, shackle him and bring him out." *Id*. at 7. According to Plaintiff, the officers refused and continued to assault him. *Id*. At some point, the officers shackled Plaintiff, lifted him up, and "rammed" his head into a brick wall. *Id*.

Plaintiff was taken to the medical unit. *Id*. The nurse on duty informed unit Manager Turner and Deputy Warden of Security Ball that Plaintiff had to be taken to the emergency room. *Id*. While waiting on an ambulance, Plaintiff overheard Deputy Warden Williams state, "'[T]hey got his ass real good, he won't be throwing shit no time soon (sic).'"[3] Plaintiff states he "went out" several times while being transported to Spalding Regional Hospital. *Id*. at 8. Plaintiff underwent a CAT scan and MRI. *Id*. He received thirteen stitches over his right eye. *Id*.

---

[3] Plaintiff has stated no facts to suggest that Deputy Warden Williams was present during the alleged assault.

Plaintiff was returned to the prison that night, where he was denied a decontamination shower although he had been pepper sprayed numerous times. *Id*. Plaintiff was placed in an unheated "disciplinary strip cell" without clothing, a mattress, or running water. *Id*. Deputy Warden Williams visited Plaintiff the following day, September 2, 2022, and told him that Plaintiff would have to remain in the strip cell "for a few more days to . . . think about his actions." *Id*. Plaintiff remained without clothes, a mattress, and running water for five days, during which time the strip cell was "frigid," and he was forced to sleep on the concrete floor. *Id*.

Plaintiff was returned to his cell on September 6, 2022 and shown that all of his personal property was gone. *Id*. at 9. Afterward, he was taken back to the strip cell where he was forced to spend the next six days, presumably under the same conditions mentioned above. *Id*.

Plaintiff attempted to kill himself and was taken back to Spalding Regional Hospital. *Id*. When he was returned to the prison, he was again placed in the strip cell.

Plaintiff alleges that an attorney from the Southern Center for Human Rights visited him during this period of time. According to Plaintiff, unnamed persons would not allow the visit due to Plaintiff's injuries and their desire to "cover up" the assault.[4] *Id*.

---

[4] Plaintiff attached to his motion for appointment of counsel a letter from attorney Vanessa Carroll with the Southern Center for Human Rights dated October 13, 2022. ECF No. 3-1. Carroll indicates that she wishes to visit Plaintiff in person to discuss the assault and provides Plaintiff with some forms that the Southern Center for Human Rights ask him "to fill out to track compliance with the Settlement Agreement." *Id*.

Plaintiff states that his head was swollen for nineteen days, and both of his eyes were black for twenty-four days. *Id*. He has a permanent scar over his right eye. *Id*. Finally, Plaintiff states that he suffers uncontrollable seizures and high blood pressure since the assault. *Id*.

Plaintiff filed a grievance regarding the assault, which was forwarded to the Georgia Department of Corrections Criminal Investigations Division. ECF No. 1-3 at 1. The Criminal Investigations Division is currently investigating the matter. *Id*.

Plaintiff has named seven Defendants: (1) Warden Joseph Polite; (2) Deputy Warden Joe Williams; (3) Deputy Warden of Security George Ball; (4) Unit Manager Dennis Turner; (5) Sergeant Quintarrius Pollard; (6) COII Jones; and (7) COII Robinson.

Plaintiff seeks declaratory and injunctive relief as well as damages. *Id*. at 10.

III. <u>Plaintiff's Claims</u>

    A. <u>Eighth Amendment excessive force claims against Deputy Warden of Security George Ball, Unit Manager Dennis Turner, Sergeant Quintarrius Pollard, COII Johns, and COII Robinson</u>

Claims of excessive force in the context of those incarcerated following conviction are governed by the Eighth Amendment's "cruel and unusual punishment" standard. *Whitley v. Albers*, 475 U.S. 312, 317-21 (1986). Eighth Amendment excessive force claims have both an objective and subjective component, and the plaintiff has the burden of establishing both. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). To satisfy the subjective prong, the plaintiff must demonstrate that the defendant acted with a malicious and sadistic purpose to inflict harm. *Id*. at 6. To satisfy the objective prong, the plaintiff must show

9

that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Id*. at 8 (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

The key inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7). When the use of force is malicious or sadistic, "contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Id*. (quoting *Hudson*, 503 U.S. at 9). To determine whether the force was applied maliciously and sadistically to cause harm, the Court considers the need for force, the extent of the prisoner's injuries, "the relationship between the need and the amount of force that was used," the safety threat to staff and other inmates, and if any efforts were made to counterbalance the severity of the force. *Bowden v. Stokely*, 576 F. App'x 951, 953 (11th Cir. 2014) (per curiam) (citation omitted).

Plaintiff has stated sufficient facts to allow his Eighth Amendment excessive force claims against Deputy Warden of Security George Ball, Unit Manager Dennis Turner, Sergeant Quintarrius Pollard, COII Jones, and COII Robinson to go forward for further factual development.

        B.    <u>Eighth Amendment conditions of confinement claim against Deputy Warden Williams</u>

The conditions under which a prisoner is confined are subject to constitutional scrutiny. *Helling v. McKinney*, 509 U.S. 25 (1993). Only actions that deny prisoners "the minimal civilized measure of life's necessities" are grave enough to establish constitutional violations under the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Prison officials must "provide humane conditions of confinement; . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)); *Helling*, 509 U.S. at 31-32. Prison officials may, therefore, be held liable under the Eighth Amendment for acting with "'deliberate indifference'" to an inmate's health or safety when the official knows that the inmate faces "a substantial risk of serious harm" and disregards that risk by failing to take reasonable measures. *Farmer*, 511 U.S. at 828 (citations omitted).

Deliberate indifference analysis has both an objective and a subjective element. *Id*. at 834; *Keohane v. Fla. Dep't. of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (holding that "[a] deliberate-indifference claim entails both an objective and a subjective component"). The objective element requires the prisoner to allege "an objectively substantial risk of serious harm . . . exists. . . , [and] once it is established that the official is aware of this substantial risk, the official must react to this risk in an objectively unreasonable manner." *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1028-29 (11th Cir. 2001), *abrogated on other grounds by Twombly*, 550 U.S. at 555-64).

The subjective element "'has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.'" *Lane v. Philbin*, 835 F.3d 1302, 1308 (11th Cir. 2016) (citation omitted). The conduct in question must rise above an "ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments

11

Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Plaintiff has alleged enough facts to allow his Eight Amendment conditions of confinement claim against Deputy Warden Joe Williams to proceed for further factual development.

### C. Any claim against Warden Joseph Polite

Plaintiff has named Warden Joseph Polite as a Defendant in the heading of his complaint. He does not, however, allege any facts connecting Polite to the alleged constitutional violations. In fact, he does not mention Warden Polite in his Statement of Claim. ECF No. 1 at 5-9. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). A district court properly dismisses claims where a prisoner fails to state any allegations that connect the alleged constitutional violation with a defendant. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.,* 621 F.2d 33, 36 (1st Cir. 1980) (affirming dismissal of claims against defendants when plaintiff failed to allege facts that associated those defendants with any claim). Thus, in the absence of any connection between Defendant Polite and Plaintiff's alleged unconstitutional deprivations, Plaintiff fails to state a claim for relief against him.

Additionally, "'supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.'" *Keith v. Dekalb Cnty.*, 749 F.3d 1034, 1047 (11th Cir. 2014) (quoting *Cottone*

*v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)). A supervisor is liable under § 1983 if he or she personally participated in the unconstitutional conduct. *Id*. Alternatively, a supervisor is liable if there exists a causal connection between the "supervisor's actions and the alleged constitutional violation." *Id*. at 1048 (citation omitted). Causal connections can be established by widespread abuse that puts a supervisor on notice. *Id*. But such abuse "must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id*. (citation omitted). Alternatively, a plaintiff may state the necessary causal connection when he alleges "a supervisor's custom or policy . . . result[ed] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id*. (citation omitted). "Ultimately, though, '[t]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous.'" *Christmas v. Harris Cnty.*, 51 F.4th 1348, 1355 (11th Cir. 2022) (quoting *Braddy v. Fla. Dep't of Labor & Emp't. Sec.*, 133 F.3d 797, 802 (11th Cir. 1998)).

Plaintiff does not allege that Warden Polite personally participated in the physical assault or his retention in the strip cell and has not alleged any type of causal connection between Polite and the alleged constitutional violations. It is, therefore, **RECOMMENDED** that any claim against Warden Polite be dismissed without prejudice.

IV.   Conclusion

It is **ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. ECF No. 2. It is **ORDERED** that Plaintiff's motion for appointment of

counsel is **DENIED**. ECF No. 3. It is **ORDERED** that Plaintiff's Eighth Amendment excessive force claims against Deputy Warden of Security George Ball, Unit Manager Dennis Turner, Sergeant Quintarrius Pollard, COII Johns, and COII Robinson be allowed to proceed for further factual development. It is **ORDERED** that Plaintiff's Eighth Amendment conditions of confinement claim against Deputy Warden Joe Williams be allowed to proceed for further factual development. It is **RECOMMENDED** that any claim against Warden Joseph Polite be **DISMISSED** without prejudice.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Tillman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Williams, Ball, Turner, Pollard, Jones, and Robinson, it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation

14

Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party

to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be

advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 19th day of January, 2023.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge